GEORGE P. DAY, Respondent, *v.* THE ULSTER AND DELAWARE RAILROAD COMPANY, Appellant.

Third Department, March 5, 1919.

Carriers — liability of railroad company on agreement of agent to furnish car for shipment of cattle on certain date — damages — expense of caring for cattle until arrival of car.

An absolute promise by a station agent of a railroad company to furnish a car for the shipment of cattle on a certain date is binding upon the company and renders it liable for damages to the shipper by reason of the delay consisting of expense incurred in caring for the cattle until the arrival of the car.

H. T. KELLOGG, J., dissented.

APPEAL by the defendant, The Ulster and Delaware Railroad Company, from a judgment of the County Court of Ulster county, entered in the office of the clerk of said county on the 9th day of February, 1918, affirming a judgment of the City Court of the city of Kingston entered in the office of the clerk of said City Court on the 21st day of July, 1917.

An appeal is also taken from the order and judgment of the City Court.

*H. H. Flemming* [*John P. Grant* of counsel], for the appellant.

*N. Frank O'Reilly* [*Thomas F. Coughlin, Jr.,* of counsel], for the respondent.

COCHRANE, J.:

On February 17, 1915, the plaintiff ordered of the defendant's station agent at Grand Gorge, N. Y., a car for the shipment of cattle on February twenty-second from Grand Gorge to Kingston. The agent said, " All right," and according to custom telegraphed the order to the train dispatcher. The car was not furnished until February twenty-third. The plaintiff, relying on the promise of the station agent, procured his cattle to be driven to the station on February twenty-second. By reason of the delay he was occasioned expense in caring for the cattle until the arrival of the car, for which expense he has recovered the judgment herein.

It must be held that the station agent had authority to bind the defendant by the contract in question. In *Clark* v.

*Ulster & Delaware Railroad Company* (189 N. Y. 93, 99) it is written as follows: " In some cases the implied authority of a station agent to bind the railroad company by a contract to furnish cars by a certain day has been questioned; but the prevailing doctrine is that such authority will be deemed to be included within the scope of his employment," citing *Wood* v. *Chicago, Milwaukee & St. Paul Ry. Co.* (68 Iowa, 491) and *Easton* v. *Dudley* (78 Tex. 236).

The station agent did not qualify the contract or make it depend on the ability of the defendant to have the car in readiness at the specified time. His promise was absolute or at least the court was justified in so finding from the evidence. The plaintiff clearly so understood the contract and relied on it as is obvious from the fact that he procured the cattle to be produced at the specified time and place.

The judgment should be affirmed, with costs.

All concurred, except H. T. Kellogg, J., dissenting.

Judgment affirmed, with costs.